IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

```
NICHOLAS M., BY AND THROUGH   )   CIVIL NO 09-00162 HG-LEK
HIS PARENTS, LAURA AND        )
RICHARD M.,                   )
                              )
            Plaintiffs,       )
                              )
      vs.                     )
                              )
DEPARTMENT OF EDUCATION,      )
STATE OF HAWAII,              )
                              )
            Defendant.        )
_____)
```

**REPORT OF SPECIAL MASTER ON PLAINTIFFS'**
**MOTION DETERMINING PLAINTIFFS AS PREVAILING PARTY**
<u>**AND FOR AWARD OF ATTORNEYS' FEES AND COSTS**</u>

Before the Court, pursuant to a designation by Senior United States District Judge Helen Gillmor, is the Motion Determining Plaintiffs as Prevailing Party and for an Award of Attorneys' Fees and Costs ("Motion"), filed on June 15, 2009 by Plaintiffs Nicholas M., by and through his Parents, Laura and Richard M. (collectively "Plaintiffs").  Plaintiffs request an award of $19,536.64 in attorney's fees and $782.65 in costs, including general excise tax, for a total award of $20,319.29.[1]  Defendant Department of Education, State of Hawaii ("Defendant") filed its memorandum in opposition on July 1, 2009, and Plaintiffs filed their reply on July 15, 2009.  The Court finds

---

[1] The Motion only includes fees and costs incurred at the administrative level.  Plaintiffs request the opportunity to supplement the Motion with fees and costs incurred in the district court proceedings.

this matter suitable for disposition without a hearing pursuant to Rule LR7.2(d) of the Local Rules of Practice of the United States District Court for the District of Hawaii ("Local Rules"). After reviewing the parties' submissions and the relevant legal authority, the Court FINDS AND RECOMMENDS that Plaintiffs' Motion be GRANTED IN PART AND DENIED IN PART.  The Court RECOMMENDS that the district judge award Plaintiffs $18,762.30 in attorney's fees, and $736.21 in costs, for a total award of $19,498.51.

## BACKGROUND

Plaintiff Nicholas M. ("Student") has dyslexia and is therefore considered a student with a disability under the Individuals with Disabilities in Education Act, 20 U.S.C. § 1400, et seq. ("IDEA").  A dispute arose when Defendant sought to change Student's placement from Assets, a private school, to Mililani Middle School.  Plaintiffs eventually filed a request for impartial hearing.  The hearing took place from December 15 to December 18, 2008.  The Hearings Officer issued his decision on January 19, 2009.  The Hearings Officer ruled that the proposed placement did not provide Student with a free appropriate public education and ordered Defendant to reimburse Plaintiffs for all costs of Student's attendance at Assets for the 2008-2009 school year.  The Hearings Officer specifically ruled that Plaintiffs were the prevailing party.  [Findings of Fact, Conclusions of Law and Decision, Exh. A to Complaint, filed

04/09/09 (dkt. no. 1-1), at 24.]  On April 1, 2009, after the parties were unable to agree upon the amount of the attorney's fees and costs that Plaintiffs were entitled to, Plaintiffs filed the Complaint in the instant action.  The instant Motion followed.

        Plaintiffs argue that they are clearly the prevailing party and are entitled to reasonable attorney's fees and costs under the IDEA.  They contend that a reasonable attorney's fee include fees for paralegal services at prevailing market rates because the use of a paralegal second-chair during the administrative proceedings was appropriate and reasonable, particularly in light of the voluminous documentary evidence involved in this case.  Plaintiffs argue that counsel's hourly rates reflect the prevailing rates in the community and the number of hours spent was reasonable.  Further, counsel's costs are reasonable and are the type typically charged to fee-paying clients.

        In its memorandum in opposition, Defendant argues that Plaintiffs' request for Bruce Ellis' paralegal services should be reduced for items which Defendant argues are clerical, duplicative, insufficiently described, or excessive in length.  Defendant also argues that Mr. Ellis cannot bill for any work done before Plaintiffs' request for impartial hearing.  Finally, Defendant contends that Plaintiffs' counsel cannot recover time

spent meeting with Mr. Ellis.

In their reply, Plaintiffs emphasize that Mr. Ellis' duties as the primary paralegal in the case and the second-chair at the hearing were critical to their effective representation. They argue that none of Mr. Ellis' tasks listed in the Motion were clerical in nature, nor were the tasks duplicative of counsel's work.  Plaintiff state that, even when counsel and Mr. Ellis perform the same task, they have distinct responsibilities.  As to counsel's billings prior to the request for impartial hearing, Plaintiffs acknowledge that time spent in an individualized education program ("IEP") team meeting is not compensable.  Plaintiffs, however, argue that all of Mr. Ellis' time prior to the request for impartial hearing is compensable because he worked on the content of Student's IEP, which is the subject of the administrative hearing.  Plaintiffs also contend that the descriptions of Mr. Ellis' tasks are sufficient to support an award and that Mr. Ellis' hours are not excessive. Finally, Plaintiffs argue that counsel's billing for a meeting with Mr. Ellis is consistent with the district court's prior rulings regarding meetings between attorneys and/or their staff. Plaintiffs therefore argue that their request for attorney's fees and costs should be granted in full.

**DISCUSSION**

I. **Entitlement to Attorney's Fees**

The Hearings Officer specifically ruled that Plaintiffs were the prevailing parties. The IDEA provides:

> In any action or proceeding brought under this section, the court, in its discretion, may award reasonable attorneys' fees as part of the costs--
> (I) to a prevailing party who is the parent of a child with a disability[.]

20 U.S.C. § 1415(i)(3)(B)(i). Defendant does not contest Plaintiffs' entitlement to attorney's fees and costs, although they raise several objections to the amount of the requested award. This Court therefore FINDS that Plaintiffs are the prevailing party and are entitled to reasonable attorney's fees and costs pursuant to § 1415(i)(3)(B)(i)(I).

II. **Calculation of Attorney's Fees Award**

In calculating an award of reasonable attorney's fees in IDEA cases, courts use the lodestar calculation set forth in Hensley v. Eckerhart, 461 U.S. 424, 433 (1983). See, e.g., Aguirre v. Los Angeles Unified Sch. Dist., 461 F.3d 1114, 1121 (9th Cir. 2006) (holding that "attorney's fees awarded under 20 U.S.C. § 1415 are governed by the standards set forth by the Supreme Court in Hensley and its progeny"). A court must determine a reasonable fee by multiplying "the number of hours reasonably expended on the litigation" by "a reasonable hourly rate." Hensley, 461 U.S. at 433.

The following factors are subsumed within the lodestar determination: "(1) the novelty and complexity of the issues, (2) the special skill and experience of counsel, (3) the quality of representation, . . . (4) the results obtained, and (5) the contingent nature of the fee agreement". Morales v. City of San Rafael, 96 F.3d 359, 364 n.9 (9th Cir. 1996) (stating that "[a]djusting the lodestar on the basis of subsumed reasonableness factors after the lodestar has been calculated . . . is a disfavored calculation") (citations and quotation marks omitted). The Ninth Circuit, however, extending City of Burlington v. Dague, 505 U.S. 557, 567 (1992), has held that whether the fee is fixed or contingent may not be considered in the lodestar calculation. See Davis v. City & County of San Francisco, 976 F.2d 1536, 1549 (9th Cir. 1992), vacated in part on other grounds, 984 F.2d 345 (9th Cir. 1993).

Once calculated, the lodestar amount is presumptively reasonable. See Pennsylvania v. Delaware Valley Citizens' Council for Clean Air, 483 U.S. 711, 728 (1987); see also Fischer v. SJB-P.D., Inc., 214 F.3d 1115, 1119 n.4 (9th Cir. 2000) (stating that the lodestar figure should only be adjusted in rare and exceptional cases). The court must then decide whether to adjust the lodestar amount based on an evaluation of the factors articulated in Kerr v. Screen Extras Guild, Inc., 526 F.2d 67, 70 (9th Cir. 1975), which have not been subsumed in the lodestar

calculation.  See Fischer, 214 F.3d at 1119.  The factors the Ninth Circuit articulated in Kerr are:

> (1) the time and labor required, (2) the novelty and difficulty of the questions involved, (3) the skill requisite to perform the legal service properly, (4) the preclusion of other employment by the attorney due to acceptance of the case, (5) the customary fee, (6) whether the fee is fixed or contingent, (7) time limitations imposed by the client or the circumstances, (8) the amount involved and the results obtained, (9) the experience, reputation, and ability of the attorneys, (10) the "undesirability" of the case, (11) the nature and length of the professional relationship with the client, and (12) awards in similar cases.

Kerr, 526 F.2d at 70.

Plaintiffs request the following lodestar amount for work associated with this case:

| ATTORNEY | HOURS | RATE | LODESTAR |
|---|---|---|---|
| Stanley E. Levin | 49.3 | $285 | $14,050.50 |
| Bruce Ellis | 54.2 | $ 85 | $ 4,607.00 |
| | | Subtotal | $18,657.50 |
| | State Excise Tax of 4.712% | | $   879.14 |
| | | TOTAL | $19,536.64 |

[Motion, Decl. of Stanley E. Levin ("Levin Decl."), Exh. A at 5.] Mr. Levin was admitted to the Hawaii State Bar in 1972 and has litigated numerous IDEA cases in this district court.

### A. Reasonable Hourly Rate

In determining whether an hourly rate is reasonable, the Court considers the experience, skill, and reputation of the

7

attorney requesting fees.  See Webb v. Ada County, 285 F.3d 829, 840 & n.6 (9th Cir. 2002).  The reasonable hourly rate should reflect the prevailing market rates in the community.  See id.; see also Gates v. Deukmejian, 987 F.2d 1392, 1405 (9th Cir. 1992), as amended on denial of reh'g, (1993) (noting that the rate awarded should reflect "the rates of attorneys practicing in the forum district").

In addition to their own statements, attorneys are required to submit additional evidence that the rates charged are reasonable.  See Jordan v. Multnomah County, 815 F.2d 1258, 1263 (9th Cir. 1987).  Plaintiffs' counsel cited other cases in which the district court award him and Mr. Ellis the hourly rates they request in this case.  [Mem. in Supp. of Motion at 15 (citing Melodee H. ex rel. Kelii H. v. Department of Educ., CV 07-00256 HG-LEK, 2008 WL 4344701, at *9 (D. Sept. 23, 2008); Alicia F. v. DOE, CV NO. 06-00268 HG-BMK).[2]]  In addition, this Court is well aware of the prevailing rates in the community for similar services performed by attorneys of comparable experience, skill and reputation.

Defendant does not contest Mr. Levin's and Mr. Ellis' hourly rates.  Based on the parties' submissions and the previous

---

[2] The district judge in Melodee H. adopted this Court's report of special master, including the recommended hourly rates. The district judge in Alicia F. adopted the hourly rates that Magistrate Judge Barry M. Kurren recommended.

rates that the district court has awarded, the Court finds that Mr. Levin's $285 requested hourly rate and Mr. Ellis' $85 requested hourly rate are manifestly reasonable.

### B.     Hours Reasonably Expended

Beyond establishing a reasonable hourly rate, a party seeking attorney's fees bears the burden of proving that the fees and costs taxed are associated with the relief requested and are reasonably necessary to achieve the results obtained.  See Tirona v. State Farm Mut. Auto. Ins. Co., 821 F. Supp. 632, 636 (D. Haw. 1993) (citations omitted).  A court must guard against awarding fees and costs which are excessive, and must determine which fees and costs were self-imposed and avoidable.  See id. at 637 (citing INVST Fin. Group v. Chem-Nuclear Sys., 815 F.2d 391, 404 (6th Cir. 1987)).  A court has "discretion to 'trim fat' from, or otherwise reduce, the number of hours claimed to have been spent on the case."  Soler v. G & U, Inc., 801 F. Supp. 1056, 1060 (S.D.N.Y. 1992) (citation omitted).  Time expended on work deemed "excessive, redundant, or otherwise unnecessary" shall not be compensated.  See Gates, 987 F.2d at 1399 (quoting Hensley, 461 U.S. at 433-34).

### 1.    Time Prior to the Request for Impartial Hearing

Defendant argues that Plaintiffs cannot recover for billings related to the IEP team meetings.  Defendant asks the Court to deduct all hours spent prior to August 7, 2008, the date

9

Mr. Ellis began work on the request for impartial hearing. [Mem. in Opp. at 11.] Plaintiffs respond that time spent on the content of an IEP is compensable because that is the subject of the administrative hearing. [Reply at 6-7 (citing Brandon E., et at. v. Dep't of Educ., et al., CV 07-00536 ACK-LEK, Report of Special Master on Pltfs.' Mtn. Determining Pltfs. As Prevailing Party and for an Award of Attorneys' Fees and Costs ("Brandon E. Report"), 16 n.6 (D. Haw. Sept. 4, 2008)).]

In Brandon E., this Court noted that, under 20 U.S.C. 1415(i)(3)(D)(ii), a prevailing party cannot recover for counsel's time either attending an IEP team meeting or performing work in connection with the meeting. See Brandon E. Report at 15. The Court, however, found that time Mr. Ellis spent on the content of the IEP was compensable because the IEP's content was the subject of the administrative hearing. See id. at 16 n.16.

In the present case, Defendant seeks to exclude all of Mr. Ellis' time entries from April 15 to July 23, 2008. These entries, however, are similar to the entries found to be compensable in Brandon E. This Court therefore finds that the contested entries in the instant case are compensable.[3]

---

[3] The Court notes that, if Plaintiffs' counsel wishes to avoid similar objections from Defendant's counsel in other cases, counsel could make their time entries more specific so that it is apparent that the work related to the content of the IEP rather than to an IEP team meeting.

10

### 2. Clerical or Ministerial Tasks

Defendant also asks the Court to deduct the time that Mr. Ellis spent on clerical tasks. Defendant is correct that clerical or ministerial costs are part of an attorney's overhead and are reflected in the charged hourly rate. See, e.g., Sheffer v. Experian Info. Solutions, Inc., 290 F. Supp. 2d 538, 549 (E.D. Pa. 2003). The Court, however, disagrees with Defendant's characterization of some of Mr. Ellis' work.

Defendant argues that three communications between Mr. Ellis and Plaintiffs were clerical in nature. Some client communications may be considered clerical or ministerial, such as merely informing the client that a document has been filed or what a hearing date is. The three communications at issue here are more substantive, such as addressing the need for a professional report. [Mem. in Opp. at 7.] The Court finds that these tasks were part of Mr. Ellis' duties as a paralegal and were not clerical or ministerial.

Defendant also argues that Mr. Ellis' work on the Exhibit List was clerical. If Mr. Ellis merely gathered exhibits which Mr. Levin selected, this Court would agree. Mr. Ellis, however, drafted and edited the Exhibit List, which included determining what documents were important to Plaintiffs' case. [Reply at 4.] The Court therefore finds that Mr. Ellis' work on the Exhibit List was not clerical or ministerial.

Finally, Defendant argues that Mr. Ellis' letter to the Hearings Officer seeking an extension and Mr. Ellis' memorandum to the file regarding dates and the Hearing Officer's instructions on the Closing Brief were clerical.  [Mem. in Opp. at 8.]  This Court agrees.  A communication with a hearings officer about deadlines is clerical in nature.  Further, while interpreting "the hearings officer's points of emphasis for the closing brief" may require some legal analysis, [Reply at 4,] the act of writing down notes to be placed in a file is part of the administration of a legal office.  This Court will therefore deduct 0.7 hours from Mr. Ellis' time for clerical or ministerial tasks.

The Court did not find any other clerical or ministerial tasks in counsel's request.

### 3.   **Duplicative Time**

Defendant argues that Mr. Ellis duplicated Mr. Levin's time when he reviewed Defendant's exhibits, prepared for the administrative hearing, and reviewed the Hearings Officer's decision.  [Mem. in Opp. at 9.]  Plaintiffs respond that both Mr. Levin and Mr. Ellis needed to perform these tasks to fulfill their unique duties in this case.  [Reply 5-6.]  This Court agrees and declines to reduce the request for duplicative

billing.[4]

### 4. **Inadequate Descriptions**

Defendant next argues that the Court should exclude Mr. Ellis' work that was not sufficiently described. Defendant contends that: an entry for review of educational records must specify what records Mr. Ellis reviewed; an entry for preparation of witness questions must include the name of the witness; and an entry for a client meeting must state what the meeting was about. [Mem. in Opp. at 12.]

Local Rules 54.3(d)(2) states, in pertinent part:

> The party seeking an award of fees must describe adequately the services rendered, so that the reasonableness of the requested fees can be evaluated. In describing such services, counsel should be sensitive to matters giving rise to attorney-client privilege and attorney work product doctrine, but must nevertheless furnish an adequate non-privileged description of the services in question.

Counsel may have been able to include some additional information in their time entries without compromising the attorney-client privilege or work product doctrine. The existing entries, however, present enough information to allow this Court to evaluate the reasonableness of the requested fees. This Court therefore rejects Defendant's argument that some of the time

---

[4] The Court notes that there may be situations where a paralegal's review is duplicative of an attorney's, but the number of hours that Mr. Levin and Mr. Ellis spent on the allegedly duplicative tasks in this case is reasonable and does not suggest duplication of efforts.

13

entries are insufficiently described.

### 5. **Excessive Hours**

Defendant argues that the time Mr. Levin and Mr. Ellis spent on the Closing Brief was excessive. [Mem. in Opp. at 13-15.] According to this Court's review, Mr. Levin spent approximately twenty hours researching, drafting, and editing the Closing Brief, and Mr. Ellis spent approximately eighteen hours primarily editing the brief and incorporating transcript citations. [Exh. A to Levin Decl. at 4-5.] Plaintiffs argue that the amount of time spent in this case is reasonable and that it is not uncommon for a plaintiff's counsel to spend fifty hours on a closing brief. [Reply at 9.]

This Court agrees that Mr. Levin's time was reasonable. The Court, however, finds that Mr. Ellis' time is excessive in light of the tasks that he performed in the completion of the Closing Brief. This Court will therefore deduct 8.0 hours from Mr. Ellis' time for excessive billing.

### 6. **Mr. Levin's Meeting with Mr. Ellis**

Finally, Defendant argues that this Court should exclude 0.5 hours that Mr. Levin spent meeting with Mr. Ellis on September 5, 2008. [Mem. in Opp. at 15.]

It is reasonable for an attorney to spend some time meeting with his co-counsel or his staff to discuss a case. This Court's practice is to allow the primary attorney to recover his

fees for time spent at such a meeting and to exclude the other attorneys' or staff members' fees for the meeting.  In this case, only Mr. Levin billed time for the meeting with Mr. Ellis and this time was reasonable and necessarily incurred.  Mr. Levin's time is therefore compensable.

The Court finds that the remainder of counsel's time was reasonably and necessarily incurred in this case.

### C. **Total Lodestar Award**

Based on the foregoing, this Court finds that Plaintiffs have established the appropriateness of an award of attorney's fees as follows:

| ATTORNEY | HOURS | RATE | LODESTAR |
|---|---|---|---|
| Stanley E. Levin | 49.3 | $285 | $14,050.50 |
| Bruce Ellis | 45.5 | $ 85 | $ 3,867.50 |
| | | Subtotal | $17,918.00 |
| | State Excise Tax of 4.712% | | $   844.30 |
| | | TOTAL | $18,762.30 |

The Court declines to adjust the award based on the remaining Kerr factors.

### III. Costs

As the prevailing party, Plaintiffs are entitled to reasonable costs incurred in the administrative proceeding and in the instant case.  See 20 U.S.C. § 1415(i)(3)(B)(i)(I).  Plaintiffs seek a total of $782.67 in costs, consisting of the

following expenses:

|  |  |
|---|---|
| Westlaw/Research | $568.00 |
| In-house Photocopies | $ 45.90 |
| Outside Copy Service (non-taxed) | $ 97.05 |
| Messenger Charges | $ 34.00 |
| Facsimile Charges | $  8.40 |
| Tax | $ 29.32[5] |
| **Total** | **$782.67** |

[Mem. in Supp. of Motion at 18-19.]  Local Rule 54.3(d)(3) states: "In addition to identifying each requested non-taxable expense, the moving party shall set forth the applicable authority entitling the moving party to such expense and should attach copies of invoices and receipts, if possible."

**A.    Allowable Costs**

Mr. Levin described the legal research he conducted on Westlaw and provided the number of hours and cost of each session.  [Levin Decl. at ¶¶ 17-21.]  He also incurred $97.05 for outside copying services and included an invoice for the expense.  [Levin Decl. at ¶ 22; Exh. F to Levin Decl. at 36.]  The Court FINDS that these costs were reasonable and necessarily expended in this case and they are of the type typically charged to a fee-paying client.  The Court therefore RECOMMENDS that the district judge award Plaintiffs' request for Westlaw and outside copying costs in full.

---

[5] Counsel may have made a mathematical error in determining the amount of taxes associated with the costs.  It appears that counsel charged tax for all costs except the outside copying service, but 4.712% of the remaining costs would be $30.92.

16

Mr. Levin incurred $8.40 in facsimile charges. [Levin Decl. at ¶ 22.] He provided a confirmation page for seventeen facsimile transmissions, sending a total of thirty-four pages. [Exh. F to Levin Decl. at 3-19.] It is not clear how counsel determined the cost of these transmissions, but the Court finds that there is sufficient evidence that counsel made the transmissions and that the total cost of the transmissions was reasonable. The Court therefore RECOMMENDS that the district judge grant Plaintiffs' request for facsimile costs in full.

Mr. Levin also states that he incurred messenger delivery expenses of $34.00, and he included an instruction sheet for each delivery. [Id. at ¶ 22; Exh. F to Levin Decl. at 28-30, 32-35.] The instruction sheets do not provide the cost of each delivery, but the Court finds that there is sufficient evidence that counsel utilized messenger services and that the total cost was reasonable. The Court therefore RECOMMENDS that the district judge grant Plaintiffs' request for messenger costs in full.

### B.   Costs Not Allowed

Finally, Plaintiffs request $45.90 for in-house copying costs. [Levin Decl. at ¶ 22.] Mr. Levin submitted activity sheets showing the number of copies made each month in this case and the cost of the copies. [Exh. F to Levin Decl. at 20-27, 31.] It appears that counsel charges $0.22 per page for in-house copies. The district court's practice is to allow $0.15 per page

for in-house copies.  See Local Rule LR54.2(f)(4).  Further, it appears that counsel incurred substantially greater in-house copying costs than is reflected in the instant Motion.  This Court cannot determine whether Plaintiffs reduced the request because counsel's per page rate exceeds the district court's customary rate or because the supporting documentation reflects copies that are not compensable.  This Court therefore cannot determine if Plaintiffs' in-house copying costs were necessary and reasonably incurred in this case.

The Court RECOMMENDS that the district judge DENY Plaintiffs' request for in-house copying costs WITHOUT PREJUDICE and allow Plaintiffs to submit a supplemental motion with a declaration and/or documents in support of this request.  This Court cautions Plaintiffs that it will recommend denial with prejudice if the supplemental motion does not fully address the issues identified in this report.

**C.   Summary of Costs**

The Court FINDS that Plaintiffs are entitled to the following costs:

| | |
|---|---|
| Westlaw/Research | $568.00 |
| Outside Copy Service (non-taxed) | $ 97.05 |
| Messenger Charges | $ 34.00 |
| Facsimile Charges | $  8.40 |
| Tax | $ 28.76 |
| **Total** | **$736.21** |

The Court RECOMMENDS that the district judge GRANT IN PART AND DENY IN PART Plaintiffs' request for costs and AWARD Plaintiffs

18

costs in the amount of $736.21.

## CONCLUSION

In accordance with the foregoing, this Court, acting as Special Master, FINDS AND RECOMMENDS that Plaintiffs' Motion Determining Plaintiffs as Prevailing Party and for an Award of Attorneys' Fees and Costs, filed on June 15, 2009, be GRANTED IN PART AND DENIED IN PART.  The Court FINDS that Plaintiffs are the prevailing party and RECOMMENDS that the district judge AWARD Plaintiffs $18,762.30 in attorney's fees, and $736.21 in costs, for a total award of $19,498.51.  The Court further RECOMMENDS that the district judge DENY Plaintiffs' request for in-house copying costs WITHOUT PREJUDICE and that the district judge allow Plaintiffs to file a supplemental motion within thirty days after the district judge rules upon this Court's report.  The supplemental motion should also include any request for fees and costs incurred in connection with the district court case.

IT IS SO FOUND AND RECOMMENDED.

DATED AT HONOLULU, HAWAII, December 2, 2009.



   /S/ Leslie E. Kobayashi
Leslie E. Kobayashi
United States Magistrate Judge

**NICHOLAS M., ET AL. V. DEPARTMENT OF EDUCATION, STATE OF HAWAII; CIVIL NO 09-00162 HG-LEK; REPORT OF SPECIAL MASTER ON PLAINTIFFS' MOTION DETERMINING PLAINTIFFS AS PREVAILING PARTY AND FOR AWARD OF ATTORNEYS' FEES AND COSTS**